1  KARIN M. COGBILL, Bar No. 244606
   kcogbill@littler.com
2  MICHAEL W. M. MANOUKIAN, Bar No. 308121
   mmanoukian@littler.com
3  LITTLER MENDELSON, P.C.
   50 W. San Fernando Street, 7th Floor
4  San Jose, California  95113.2303
   Telephone:     408.998.4150
5  Facsimile:     408.288.5686

6  Attorneys for Defendant
   OLDCASTLE, INC.

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  RICK JACOBS, an individual,              Case No.

12              Plaintiff,                    **NOTICE OF REMOVAL OF CIVIL
                                              ACTION TO FEDERAL COURT BY
13       v.                                   DEFENDANT OLDCASTLE, INC.**

14  OLDCASTLE, INC., a California             **[28 U.S.C. § 1332]**
    corporation; and DOES 1-100,
15                                            Santa Clara County Superior Court
                Defendant.                    Case No. 17CV316207
16
17                                            Complaint Filed:  September 22, 2017

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT**

TO THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant OLDCASTLE, INC. ("OLDCASTLE" or "Defendant"), hereby gives notice of removal of the above entitled action from the Superior Court of the State of California, County of Santa Clara, Case No. 17CV316207, to the United States District Court for the Northern District of California.

This Notice is based upon the original jurisdiction of the United States District Court over the parties under 28 U.S.C. § 1332 based upon complete diversity of citizenship. Defendant makes these allegations to support its Notice of Removal:

## I.    JURISDICTION AND VENUE ARE PROPER

1.    This action is a civil action over which this court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. Section 1332(a), and is one which may be removed to this court by Defendant pursuant to 28 U.S.C. 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.  28 U.S.C. §§1332, 1441(a).

2.    Venue is proper in this court pursuant to 28 U.S.C. sections 84(a), 1391 and 1446 because this action was filed in the Superior Court of the State of California, County of Santa Clara.  Pursuant to Northern District Local Rule 3-2(e), the appropriate assignment of this action is to the San Jose Division of this Court.

## II.    GENERAL INFORMATION

3.    On September 22, 2017, Plaintiff filed an action entitled "*RICK JACBOS v. OLDCASTLE, INC., a California corporation; and DOES 1-100,*" in the Superior Court of the State of California, County of Santa Clara, Case No. 17CV316207 ("Complaint").  In the Complaint, Plaintiff asserts two causes of action against OLDCASTLE: (1) Employment Discrimination on the Basis of Race and Color; and (2) Failure to Prevent Discrimination and Retaliation.  A true and correct copy of the Summons and Complaint, together with a Civil Case Cover Sheet, Civil Lawsuit Notice, and Alternate Dispute Resolution Information Sheet from the Superior Court of the State of

California, County of Santa Clara are attached hereto as **Exhibit A**.[1]

4.      OLDCASTLE's registered agent was served with the Complaint on October 6, 2017, via personal service.

5.      On November 3, 2017, OLDCASTLE filed a General Denial to Plaintiff's Complaint pursuant to Cal. Code of Civ. Proc. § 431.30(b) in the Santa Clara County Superior Court.  A true and correct copy of OLDCASTLE's General Denial to Plaintiff's Complaint is attached hereto as **Exhibit B.**

6.      In his Complaint, Plaintiff alleges he was employed by OLDCASTLE for approximately twenty (20) years beginning on or around June 1996.[2]  (Complaint, ¶ 11.)  Plaintiff alleges that he was the manager in the plant located in Northern California.  (Complaint, ¶12.)  Plaintiff alleges that at a meeting on or about May 18, 2017, with OLDCASTLE's Regional General Manager, Paul Miller, and OLDCASTLE's plant manager, Jason Jess, Mr. Miller told plaintiff, "he was too white for this job and that the way he dressed was too white, [Plaintiff] just need[ed] to figure out how to be less white."  (Complaint, ¶¶ 12, 13.)  Plaintiff also alleges that Mr. Miller told Plaintiff, "you need to blend in with other workers, and dress more like Frank Sanchez."  (Complaint, ¶ 15.)  Additionally, Plaintiff alleges these comments were discriminatory and said with malice, and Plaintiff informed OLDCASTLE's human resources of these comments.  (Complaint, ¶¶ 14, 16.)  Plaintiff further alleges these comments devastated him, caused him severe emotional distress, and caused him to become further depressed when he thought about the comments made to him in the meeting on May 18, 2017. (Complaint, ¶ 17.)

7.      Plaintiff alleges that because of Defendant's alleged unlawful conduct, plaintiff has sustained "lost salaries, fringe benefits, future benefits, salary increases, and promotional opportunities, and sustained impairment to her [sic] earnings capacity."  (Complaint, ¶ 19.)  Further, Plaintiff alleges that Defendant's alleged unlawful conduct caused him to suffer "severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety."  (Complaint, ¶ 20.)  The relief sought by Plaintiff includes, among other

---

[1] Plaintiff's Complaint references an Exhibit A thereto.  Defendant, however, was not served with a copy of said Exhibit.
[2] Oldcastle denies that it was Plaintiff's employer, or otherwise had any employment relationship with Plaintiff.

1  things, damages in an amount of no less than $150,000.00.  (Complaint, p. 7.)

2      8.      In addition to OLDCASTLE, Plaintiff also names "DOES 1 through 100."

3  OLDCASTLE is informed and believes, and on that basis alleges, that none of the fictitiously named

4  defendants have been identified or served with a copy of the Summons and Complaint.  As such, the

5  fictitiously names defendants need not join or consent to removal.  *See* 28 U.S.C. § 1446(b)(2)(A).

6  **III.   THE NOTICE OF REMOVAL IS TIMELY**

7      9.      This Notice to Federal Court of Removal of Civil Action is timely because it

8  is filed within thirty days of October 6, 2017, the date OLDCASTLE was served with Plaintiff's

9  Complaint.  28 U.S.C. § 1446(b); *see Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526

10  U.S. 344, 348-349 (1999); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986) (thirty day removal

11  period runs for all defendants from the date served with the original complaint); *McAnally*

12  *Enterprises, Inc. v. McAnally*, 107 F. Supp. 2d 1223, 1229 (C.D. Cal. 2000) (same).

13  **IV.   DIVERSITY JURISDICTION EXISTS**

14      10.     This Court has original jurisdiction over this lawsuit under 28 U.S.C. § 1332

15  and this diversity action may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.  "Any

16  civil action brought in a State court which the district courts of the United States have original

17  jurisdiction, may be removed by the defendant or the defendants, to the district court of the place

18  where such action is pending."  28 U.S.C. § 1441(a).  The district courts shall have original

19  jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000,

20  exclusive of interest and costs, and is between citizens of different States.  28 U.S.C. § 1332(a)(1).

21      11.     For diversity jurisdiction purposes, a corporation is deemed to be a citizen of

22  the state in which is incorporated and the state where it has its principal place of business.  28 U.S.C.

23  § 1332(c)(1).  *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (holding "'principal place of

24  business' is best read as referring to the place where a corporation's officers direct, control, and

25  coordinate the corporation's activities. It is the place that Courts of Appeals have called the

26  corporation's 'nerve center.'")

27      12.     Here, this action involves a controversy between citizens of different states.

28  At all times, OLDCASTLE was and is a corporation incorporated in and validly existing under and

4.

1    pursuant to the laws of the state of Delaware. As such, OLDCASTLE is a citizen of Delaware as

2    provided in 28 U.S.C. §1332(c).

3         13.    Furthermore, OLDCASTLE's principal place of business and headquarters are

4    located in Atlanta, Georgia.  OLDCASTLE's executive, operational, and administrative office and

5    functions are all located in Atlanta, Georgia.  *See Breitman v. May Co. California*, 37 F.3d 562, 564

6    (9th Cir. 1994) (holding that "a corporation's principal place of business is the state in which the

7    executive and administrative functions are performed.").

8         14.    For diversity jurisdiction purposes, an individual person's citizenship is

9    established by where that person is domiciled.  28 U.S.C. §1332(a)(1) (an individual is a citizen of

10   the state in which he or she is domiciled).  A person is deemed to be domiciled by the existence of

11   both physical presence in a state, coupled with the intent to remain in that state indefinitely.  *Lew v.*

12   *Moss*, 797 F.2d 747, 749-750 (9th Cir. 1886) (holding "a person is 'domiciled' in a location where

13   he or she has established a 'fixed habitation or abode in a particular place, and [intends] to remain

14   there permanently or indefinitely'"); *State Farm Mutual Auto Insurance Co. v. Dyer*, 19 F. 3d 514,

15   520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile to determine citizenship).  Here,

16   as established in his Complaint, "[a]t all times…plaintiff RICK JACOBS…is an individual who was

17   and is a resident of the State of California, County of Los Angeles."  (Complaint ¶ 1.)  Plaintiff's

18   assertion that at all times he was and is a resident of California evidences his domicile.  Thus, for

19   diversity jurisdiction purposes, Plaintiff is a citizen of California.

20        15.    Because Plaintiff is self-admittedly a citizen of California, and Defendant is a

21   citizen of both Delaware and Georgia, complete diversity of citizenship exists between the Parties.

22        16.    To remove a case from state court to federal court, the citizenship of Doe

23   defendants is disregarded, and only named defendants are considered.  28 U.S.C. § 1441(a); *see*

24   *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) ("district court was correct in only

25   considering the domicile of the named defendants").

26   **V.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.**

27        17.    In his Prayer for Relief, Plaintiff specifically prays for "damages in an amount

28   no less than $150,000.00." (Complaint, p. 7.)  Although Defendant denies liability as to Plaintiff in

5.

1     any amount, his Complaint affirmatively places the amount in controversy in excess of $75,000.

2     **VI.**    **NOTICE OF REMOVAL**

3            18.    As required by 28 U.S.C. § 1446(d), OLDCASTLE will promptly provide

4     written notice of this Notice of Removal to Plaintiff's counsel, Paul Cheng of the Law Offices of

5     Paul Cheng, and will also promptly file a copy of this Notice of Removal with the Clerk of the

6     Superior Court of the State of California, County of Santa Clara.

7     **VII.**    **CONCLUSION**

8            As demonstrated above, this Court has original jurisdiction over this action pursuant

9     to 28 U.S.C. §§ 1332 and 1441(b), and having fulfilled all statutory requirements, OLDCASTLE

10     removes this action from the Superior Court of California, County of Santa Clara, to this Court, and

11     requests this Court assume full jurisdiction over this matter as provided for by law.

12     Dated: November 3, 2017

13

14                      */s/ Karin M. Cogbill*

15                      KARIN M. COGBILL
                         MICHAEL W. M. MANOUKIAN

16                      LITTLER MENDELSON, P.C.
                         Attorneys for Defendant

17                      OLDCASTLE, INC.

18     Firmwide:150646820.2 081127.1020

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT**

# EXHIBIT A

ORSED FILED

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

OLDCASTLE, Inc., a California corporation; and DOES 1-100.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RICK JACOBS, an individual.

| |
|---|
| **NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.<br><br>You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.<br><br>There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.<br>*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*<br>*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*<br>*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.* |

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | **CASE NUMBER:**<br>*(Número del Caso):* **17CV316207** |

Superior Court of California, County of Santa Clara
191 North First Street, San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LAW OFFICES OF PAUL P. CHENG, 790 E. Colorado Blvd. Suite 260, Pasadena, CA 91101, 626-356-8880

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* | SEP 22 2017 | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED: You are served**

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Oldcastle, Inc., a California Corporation

    under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| PAUL P. CHENG (SBN: 239566)<br>LAW OFFICES OF PAUL P. CHENG<br>301 NORTH LAKE AVENUE, SUITE 810<br>PASADLAW OFFICES OF PAUL P. CHENGENA, CA 91101<br>TELEPHONE NO.: 626-356-8880    FAX NO.: 888-213-8196<br>ATTORNEY FOR *(Name)*: Plaintiff RICK JACOBS | ~~ORSED FILED~~<br>2017 SEP 22 AM 9: 24 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Santa Clara
STREET ADDRESS: 191 North First Street
MAILING ADDRESS: 191 North First Street
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME: Santa Clara courthouse

CASE NAME:
RICK JACOBS v. OLDCASTLE, Inc., a California corporation, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 17CV316207 |
| | | | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**BY FAX**

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

**2.** This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
- a. [ ] Large number of separately represented parties
- b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
- c. [ ] Substantial amount of documentary evidence
- d. [ ] Large number of witnesses
- e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
- f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a.[✓] monetary   b.[ ] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
**4.** Number of causes of action *(specify):* 2
**5.** This case [ ] is [✓] is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 09/21/17
Narak Mirzaie
_____          ▶          _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

ORSED FILED

2017 SEP 22  AM 9: 24

CL... ...OURT
SUP... ...OF CA
COUNT... ...CLARA
BY... ...DEPUTY

FANG

1  PAUL P. CHENG (SBN: 239566)
   litigation@paulchenglaw.com
2  MICHAEL Y. YADEGARAN (SBN: 309669)
3  myadegaran@paulchenglaw.com
   NARAK MIRZAIE (SBN: 311508)
4  nmirzaie@paulchenglaw.com
5  LAW OFFICES OF PAUL P. CHENG
   790 E. Colorado Blvd., Ste. 260
6  Pasadena, CA 91101
7  Tel: (626) 356-8880
   Fax: (888) 213-8196
8
   Attorneys for RICK JACOBS
9
                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10
                      **FOR THE COUNTY OF SANTA CLARA**
11

12  RICK JACOBS, an individual              CASE NO.  **17CV316207**

13                      Plaintiff,           **COMPLAINT**

14         vs.                               **Demand for Jury Trial Requested**

15  OLDCASTLE, Inc., a California
    corporation; and DOES 1-100,            1.  Employment Discrimination on
16                                              Basis of Race and Color
17                      Defendants.
                                            2.  Failure to Prevent Discrimination
18                                              and Retaliation

19  ///                                     **BY FAX**

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  Complaint – RICK JACOBS v. EMERSON                              Page 1

WWW.PPRCLAW.COM
790 E. Colorado Blvd., Suite 260
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

WWW.PPRCLAW.COM
790 E. Colorado Blvd., Suite 260
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

# I.

## GENERAL ALLEGATIONS

### Party Information

1.      At all times mentioned herein, Plaintiff RICK JACOBS ("JACOBS" or "Plaintiff"), is an individual who was and is a resident of the State of California, County of Los Angeles.

2.      Plaintiff is informed, believes and thereon alleges that OLDCASTLE, INC. (hereinafter "EMERSON" or "Defendant"), is a California Corporation.

### Doe Defendants

3.      Plaintiff reincorporates paragraphs 1 through 2 as though fully stated herein.

4.      The true names and capacities, whether individual, corporate, associate, partnership, governmental or otherwise of DOES 1 through 100, inclusive, are presently unknown to the Plaintiff, and therefore sue said Defendants by such fictitious names pursuant to Code of Civil Procedure Section 474. When the true names and capacities of said Defendants are ascertained, Plaintiff will seek to amend the Complaint accordingly.

5.      Plaintiff is informed, believes and thereon alleges that every Defendant designated herein, including all DOE Defendants, were negligently, wrongfully, carelessly, unlawfully, tortuously, or in some other actionable manner, responsible for the events and happenings herein referred to, and that their negligent and/or otherwise tortuous and wrongful acts and/or omissions proximately caused, or were a substantial factor in causing, the injuries and damages to Plaintiff as are herein alleged, and that each Defendants and/or their respective officers, director, partners, managing directors and/or shareholders ratified the wrongful acts and omissions of each other Defendants.

6.      Plaintiff is informed, believes and thereon alleges that at all relevant times herein, every Defendant designated, including all DOE Defendants, were an agent, employee, joint venturer, partner, alter ego, conspirator, and/or legal representative of the remaining Defendants, and at all times mentioned herein, every Defendant designated herein, including all DOE Defendants, were acting within the time and authority, course and scope

Complaint – RICK JACOBS v. OLDCASTLE, INC.

1 of said agency, employment, joint venture, partnership, conspiracy, and to further the

2 objectives of same, or as an alter ego and with the full knowledge, approval, ratification,

3 permission and consent of the other co-Defendants, and each of them, including the

4 officers, directors and managing agents of Defendants.

5 7.      Plaintiff is informed, believes and thereon alleges that, that at all relevant herein,

6 each Defendant designated herein, including all DOE Defendants, were and are, owned,

7 operated, and controlled by the same individual(s) and or entity or entities, so that they

8 enjoyed the same unity of interest and any corporate individuality among them ceased.

9 Plaintiff is further informed, believes, and thereon alleges that certain interests or legal

10 relationships between the Defendants have been transferred, sold or acquired such that the

11 purchaser expressly or impliedly agreed to assume the predecessor's obligation, the

12 purchase was a de facto consolidation or merger, the successor is a mere continuation of

13 the predecessor, the transaction was fraudulently entered into to escape liability and that by

14 agreement amongst the Defendants liability for the acts and events herein alleged has been

15 contractually specified among the Defendants, the exact terms and nature of which are

16 unknown. When the true facts are ascertained leave will be requested of the court to allege

17 the true facts with respect to such successor in interest, transfer and assignment of liability.

18 8.      Plaintiff is informed, believes and thereon alleges that if judgment should be had

19 against one Defendant then it would be appropriate to find against all Defendants;

20 otherwise, injustice would result.

21                                          **General Violations**

22 9.      Plaintiff reincorporates paragraphs 1 through 8 as though fully stated herein.

23 10.     This is a complaint of an exemplary, contentious twenty (20) years former

24 employee of one of the country's largest companies who has endured significant injuries

25 due to Plaintiff's age and disability. Despite his disability, Plaintiff has at all times been

26 desirous of committing his continued excellence, heat and soul to his career, only to be

27 discriminated against in the workplace, because of his color and race. Having endured

28 discrimination, Plaintiff had no alternative but to retain counsel to effect systematic

WWW.PPRCLAW.COM
790 E. Colorado Blvd., Suite 260
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

Complaint – RICK JACOBS v. OLDCASTLE, INC.

1  workplace changes on his own behalf and other employees of same race and color.

2  11.     Plaintiff began working for Oldcastle on or about June 1996. Plaintiff was an

3  excellent performer, with flexibility, keened attention to details, and had the ability to gasp

4  new concepts quickly.

5  12.     Plaintiff was the manager in the plant located in Northern California. On or about

6  May 18, 2017, Plaintiff was called into a meeting with Regional GM Paul Miller and the

7  plant manager Jason Jess.

8  13.     During the meeting while discussing work policies with the Plaintiff, Mr. Miller

9  told Plaintiff that, "he was too white for this job and that the way he dressed was too white,

10  you just need to figure out how to be less white." Plaintiff was shocked and speechless by

11  Mr. Miller's comments.

12  14.     Plaintiff was shocked and speechless by Mr. Miller's comments. Mr. Miller's

13  comments were discriminatory and were done with malice. Mr. Jacobs supervises

14  approximately 27 workers, which 26 are Hispanic.

15  15.     Furthermore, the workers which Plaintiff supervises dress precast clothing which is

16  predominantly khakis pants and dark shirts. Plaintiff would dress casual like other

17  managers in Oldcastle. Mr. Miller further told the Plaintiff, "You need to blend in with

18  other workers, and dress more like Frank Sanchez." Frank Sanchez was the person who

19  trained the Plaintiff. Mr. Sanchez was a Hispanic employee who would also dress in

20  precast clothing.

21  16.     Mr. Jacobs informed the human resources department of this incident. After several

22  weeks of "investigations" by the human resources, they informed Mr. Jacobs that there

23  was no evidence of Mr. Miller's acts, and concluded its investigation.

24  17.     Plaintiff was devastated and suffered severe emotional distress do to Mr. Miller's

25  comments. Plaintiff could not properly work and every time he would think about the

26  incident that took place during the meeting, he would become further depressed. After 20

27  years of employment with Oldcastle, Plaintiff felt betrayed and disrespected.

28  18.     On August 22, 2017, Plaintiff filed his charges with the Department of Fair

WWW.PPRCLAW.COM
790 E. Colorado Blvd., Suite 260
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

Complaint – RICK JACOBS v. OLDCASTLE, INC.

WWW.PPRCLAW.COM
790 E. Colorado Blvd., Suite 260
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

1 | Employment and Housing ("DFEH"). Said charges are attached hereto as Exhibits "A" and

2 | incorporated by reference herein.

3 | 19.    As a result of the aforesaid wrongful acts of Defendants, Plaintiff sustained lost

4 | salaries, fringe benefits, future bonuses, salary increases, and promotional opportunities,

5 | and sustained impairment to her earnings capacity. The precise amount of said damages is

6 | presently unascertainable except that said amount is well in excess of this Court's

7 | minimum jurisdictional threshold.

8 | 20.    As a further direct and legal result of the acts and conduct of Defendants, Plaintiff

9 | has been caused to and did suffer and continues to suffer severe emotional and mental

10 | distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort and anxiety.

11 | Thus, Plaintiff seeks special and general damages for such physical and emotional distress

12 | in an amount substantially in excess of this Court's minimum jurisdictional threshold.

13 | 21.    Plaintiff is informed and believes and thereon alleges that Defendants and their

14 | managers, officers, and/or directors committed the acts alleged herein maliciously,

15 | fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and acted

16 | with an improper and evil motive amounting to malice or oppression, and in conscious

17 | disregard of Plaintiff's rights. Moreover, of their employees and/or are personally guilty of

18 | oppression, fraud, or malice. As such, Plaintiff is entitled to recover punitive damages from

19 | Defendants in an amount according to proof.

20 | 22.    Further, Plaintiff is entitled to the recovery of her attorneys' fees and costs by the

21 | application of California Code of Civil Procedure §1021.5, California Government Code

22 | §12965, California Labor Code §1194 and other analogous statutory authorities.

23 | **II**

24 | **FIRST CAUSE OF ACTION**

25 | **(Employment Discrimination On Basis Of Race and Color Against Defendants And**

26 | **Does 1 Through 100)**

27 | 23.        Plaintiff re-alleges each paragraph of this Complaint as though fully set forth

28 | herein.

Complaint – RICK JACOBS v. OLDCASTLE, INC.

WWW.PPRCLAW.COM
790 E. Colorado Blvd., Suite 260
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

24.      During the course of Plaintiff's employment, as alleged herein, the Defendants named in this cause of action subjected Plaintiff to an employment discrimination based on the Plaintiff's race and color, practices violative of California Government Code §12940 *et seq.,* with emphasis on California Government Code § 12940(a), and the rights guaranteed by the California Constitution, Article I, Section 7 & 8. For the purposes of this count, said acts constitute unlawful disability based employment discrimination.

25.      By reason of the aforementioned conduct and circumstances, Defendants violated the fundamental public policies of the State of California, as set forth in Section 12940 of the California Government Code, which mandates that employees be free from discrimination on the basis of race and color.

## V.

## SECOND CAUSE OF ACTION

**(Failure to Prevent Discrimination and Retaliation against all Defendants And Does 1 Through 100)**

26.      Plaintiff re-alleges each paragraph of this Complaint as though fully set forth herein.

27.      During the course of Plaintiff's employment, as alleged herein, the Defendants named in this cause of action subjected Plaintiff failed to take all reasonable steps necessary to prevent discrimination and retaliation from occurring, in violation of California Government Code § 12940 et seq., with emphasis on California Government Code §12940(k), and the rights guaranteed by the California Constitution, Article I, Section 7 & 8. For the purposes of this count, said acts constitute unlawful disability and public policy based employment practices based on the failure to take all reasonable steps from preventing unlawful discrimination from occurring, including the failure to meaningfully investigate and remediate such discrimination.

## **PRAYER**

WHEREFORE, Plaintiff prays for Judgment against all Defendants, and each of them, as follows:

Complaint – RICK JACOBS v. OLDCASTLE, INC.

1.    Damages in an amount no less than $150,000.00.
2.    For interest thereon at the legal rate.
3.    For costs and reasonable attorney's fees as provided by law.
4.    For a four-thousand dollar ($4000) penalty.
5.    Injunctive relief as allowed by Labor Code 226(g).
6.    Restoration of money acquired by unfair competition
7.    Fifty dollars ($50) for the first initial violation to be determined at trial.
8.    One-hundred dollars ($100) for each subsequent violation to be determined at trial.
9.    Waiting time penalties.
10.   For a seven-hundred-fifty dollar ($750) penalty from Defendants.
11.   Damages arising out of Defendant's violation of labor code 132(a).
12.   For such other and further relief that the court shall deem just and proper.

## X.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

**DATED: September 21, 2017**         **Law Offices of Paul P. Cheng**

BY: _____

Paul P. Cheng
Michael Y. Yadegaran
Narak Mirzaie
Attorneys for RICK JACOBS

WWW.PPRCLAW.COM
790 E. Colorado Blvd., Suite 260
Pasadena, California 91101
Tel: (626) 356-8880 | Fax: (888) 213-8196

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?

ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?

**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation,** sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*
Santa Clara County Superior Court          Santa Clara County DRPA Coordinator
ADR Administrator                          408-792-2784
408-882-2530

ATTACHMENT CV-5012

# CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 North First St., San José, CA  95113*

CASE NUMBER: _____ **17CV316207**

---

## PLEASE READ THIS ENTIRE FORM

---

*PLAINTIFF* (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued):  **You must do each of the following to protect your rights:**

1.  You must file a written response to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within 30 days of the date you were served with the *Summons* and *Complaint*;
2.  You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3.  You must attend the first Case Management Conference.

    Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.

---

*RULES AND FORMS:*  You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms:  www.courts.ca.gov/forms.htm and www.courts.ca.gov/rules.htm
- Local Rules and Forms:  www.scscourt.org

*CASE MANAGEMENT CONFERENCE (CMC):*  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.*

---

*Your Case Management Judge is:* _____ Maureen Folan _____ *Department:* ___ 8 ___

*The 1st CMC is scheduled for:* (Completed by Clerk of Court)

       *Date:* __ 1 / 9 / 2018 __  *Time:* __3:00pm__ in Department: ____ 8 ____

*The next CMC is scheduled for:* (Completed by party if the 1st CMC was continued or has passed)

       *Date:* _____  *Time:* _____ in Department: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*  If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.scscourt.org or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# EXHIBIT B

PLD-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| KARIN M. COGBILL, Bar No. 244606<br>MICHAEL W. M. MANOUKIAN, Bar No. 308121<br>LITTLER MENDELSON, P.C<br>50 W. San Fernando St., 7th Floor, San Jose, CA  95113-2431<br>TELEPHONE NO.: 408.998.4150   FAX NO. *(Optional):* 408.288.5686<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Defendant OLDCASTLE, INC. | ENDORSED<br>2017 NOV -3  A 11: 30<br>CLERK OF THE COURT<br>SUPERIOR COURT OF CA<br>COUNTY OF SANTA CLARA<br>BY_____ DEPUTY<br>L. Taylor |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA**
STREET ADDRESS:  191 N. First Street
MAILING ADDRESS:  191 N. First Street
CITY AND ZIP CODE:  San Jose, CA 95113
BRANCH NAME:  Downtown Superior Courthouse

PLAINTIFF/PETITIONER: RICK JACOBS

DEFENDANT/RESPONDENT: OLDCASTLE, INC., et al.

| GENERAL DENIAL | CASE NUMBER:<br>17CV316207 |
|---|---|

If you want to file a general denial, you MUST use this form if the amount asked for in the complaint or the value of the property involved is $1,000 or less.

You MAY use this form for a general denial if:
1. The complaint is not verified; **or**
2. The complaint is verified and the case is a limited civil case (the amount in controversy is $25,000 or less),
   BUT NOT if the complaint involves a claim for more than $1,000 that has been assigned to a third party for collection.

(See Code of Civil Procedure sections 85–86, 90–100, 431.30, and 431.40.)

1.  DEFENDANT *(name):* Defendant OLDCASTLE, INC.
    generally denies each and every allegation of plaintiff's complaint.

2.  ☒   DEFENDANT states the following FACTS as separate affirmative defenses to plaintiff's complaint *(attach additional pages if necessary):*
    See attached Affirmative Defenses.

Date: November 3, 2017

KARIN M. COGBILL                                    ▶   *Karin Cogbill*
_____                        _____
(TYPE OR PRINT NAME)                                     (SIGNATURE OF DEFENDANT OR ATTORNEY)

If you have a claim for damages or other relief against the plaintiff, the law may require you to state your claim in a special pleading called a cross-complaint or you may lose your right to bring the claim. (See Code of Civil Procedure sections 426.10–426.40.)

The original of this *General Denial* must be filed with the clerk of this court with proof that a copy was served on each plaintiff's attorney and on each plaintiff not represented by an attorney. There are two main ways to serve this *General Denial:* by personal delivery or by mail. It may be served by anyone at least 18 years of age EXCEPT you or any other party to this legal action. Be sure that whoever serves the *General Denial* fills out and signs a proof of service. You may use the applicable Judicial Council form (such as form POS-020, POS-030, or POS-040) for the proof of service.

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>PLD-050 [Rev. January 1, 2009] | **GENERAL DENIAL** | Code of Civil Procedure, §§ 431.30, 431.40<br>www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

*RICK JACOBS v. OLDCASTLE, INC., et al.*

**Superior Court of California, County of Santa Clara, Case No. 17CV316207**

### AFFIRMATIVE DEFENSES TO COMPLAINT

Without conceding it has the burden of proof or persuasion as to any of these issues, Defendant OLDCASTLE, INC. ("OLDCASTLE" or "Defendant") states these facts as separate affirmative defenses to each allegation of the Complaint filed by Plaintiff RICK JACOBS ("Plaintiff"), all of which are pleaded in the alternative, and constitute no admission of liability or that Plaintiff is entitled to any relief whatsoever:

AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE CLAIMS SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges that Plaintiff's complaint fails to state a cause of action against Defendant since Defendant was not Plaintiff's employer.

AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE CLAIMS SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges Plaintiff has failed to timely exhaust his administrative remedies, including but not limited to those required pursuant to the California Fair Employment and Housing Act, California Government Code section 12940 *et seq*.

AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE CLAIMS SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges the Complaint, and each cause of action therein, is barred, in whole or in part, by the applicable statute of limitations, including, but not limited to, California Government Code sections 12960(d) and 12965(b).

AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE CLAIMS SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges Plaintiff failed to mitigate his damages, which he alleged he suffered, if any such damages occurred, and such failure to mitigate bars and/or diminishes Plaintiff's recovery.

AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE CLAIMS SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges, that assuming *arguendo*, it was Plaintiff's employer, Plaintiff's causes of action are barred as there were legitimate,

1.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113.2303
408.998.4150

1   non-discriminatory, non-retaliatory reasons for each employment practice or action alleged to have

2   harmed Plaintiff.

3        AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

4   CLAIMS SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges, that assuming

5   *arguendo*, it was Plaintiff's employer, and all of Plaintiff's alleged injuries, including any emotional

6   distress Plaintiff may have suffered, arose during and because of such employment; this Court's

7   jurisdiction over the subject of the causes of action is preempted by the exclusive remedy provisions

8   of the California Workers' Compensation Act as set forth in the California Labor Code Section

9   3200, *et seq.*

10        AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

11   THE CLAIMS SET FORTH IN PLAINTIFF'S COMPLAINT, that Plaintiff is barred in equity from

12   recovering on his Complaint, or any claim contained therein, under the doctrine of unclean hands,

13   estoppel and/or laches.

14        AS AND FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

15   THE CLAIMS SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges that at all times

16   Defendant acted in good faith, without malice, and in due regard to the rights of Plaintiff.

17        AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

18   CLAIMS SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges that assuming

19   *arguendo*, it was Plaintiff's employer, it promulgated an anti-discrimination and anti-harassment

20   policy and complaint procedure of which Plaintiff was aware, and it exercised reasonable care to

21   maintain a discrimination-free work environment.  Plaintiff unreasonably failed to take advantage of

22   the established complaint procedures, failed to take advantage of other preventative or corrective

23   opportunities provided by Defendant, and otherwise failed to avoid harm.

24        AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE

25   CLAIMS SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges that if Plaintiff has

26   suffered any emotional distress (and Defendant denies that Plaintiff has suffered such distress), such

27   emotional distress was proximately caused by factors other than the actions of Defendant, or anyone

28   acting on its behalf.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 7th Floor
San Jose, CA 95113 2303
408.998.4150

2.

AFFIRMATIVE DEFENSES TO COMPLAINT

1    AS AND FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

2   THE CLAIMS SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant has not yet completed

3   their investigation and study or completed discovery of all facts and circumstances of the subject

4   matter of Plaintiff's claims, and accordingly, reserve the right to amend, modify, revise or

5   supplement their General Denial and Affirmative Defenses and take such further action as Defendant

6   may deem proper and necessary in their defense of Plaintiff's claims.

7

8                               **PRAYER FOR RELIEF**

9    WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

10    1.    That Plaintiff takes nothing by his Complaint;

11    2.    That the Complaint be dismissed in its entirety, with prejudice, and that

12   Judgment be entered against Plaintiff and in favor of Defendant on Plaintiff's causes of action;

13    3.    That Defendant is granted its reasonable costs and attorneys' fees in defending

14   this action; and

15    4.    For such other and further relief as the Court deems just and proper.

16

17   Dated: November 3, 2017

18                              *Karin Cogbill*
                               _____
19                              KARIN M. COGBILL
                               MICHAEL W. M. MANOUKIAN
20                              LITTLER MENDELSON, P.C.
                               Attorneys for Defendant
21                              OLDCASTLE, INC.

22   Firmwide:150645866.1 081127.1020

23

24

25

26

27

28

POS-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO.:

NAME: KARIN M. COGBILL, Bar No. 244606
MICHAEL W. M. MANOUKIAN, Bar No. 308121

FIRM NAME: LITTLER MENDELSON, P.C.

STREET ADDRESS: 50 W. San Fernando, 7th Floor

CITY: San Jose   STATE: CA   ZIP CODE: 95113

TELEPHONE NO.: 408.998.4150   FAX NO.: 408.288.5686

E-MAIL ADDRESS:

ATTORNEY FOR (name): Defendant OLDCASTLE, INC.

**ENDORSED**

2017 NOV -3  A II: 30

CLERK OF THE COURT
SUPERIOR COURT OF CA
COUNTY OF SANTA CLARA
BY_____ DEPUTY
V. Taylor

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

STREET ADDRESS: 191 N. First Street

MAILING ADDRESS: 191 N. First Street

CITY AND ZIP CODE: San Jose, CA 95113

BRANCH NAME: Downtown Superior Courthouse

Plaintiff/Petitioner: RICK JACOBS

Defendant/Respondent: OLDCASTLE, INC., et al.

CASE NUMBER:
17CV316207

### PROOF OF SERVICE–CIVIL

JUDICIAL OFFICER:

**Check method of service (only one):**

☐ By Personal Service   ☒ By Mail   ☐ By Overnight Delivery

☐ By Messenger Service   ☐ By Fax

DEPARTMENT:

*Do not use this form to show service of a summons and complaint or for electronic service.*
*See USE OF THIS FORM on page 3.*

1. At the time of service I was over 18 years of age **and not a party to this action.**

2. My residence or business address is:
50 W. San Fernando, 7th Floor, San Jose, CA 95113

3. ☐  The fax number from which I served the documents is *(complete if service was by fax):*

4. On *(date):* 11/3/2017   I served the following **documents** *(specify):*
DEFENDANT OLDCASTLE, INC.'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES TO COMPLAINT

☐  The documents are listed in the *Attachment to Proof of Service-Civil (Documents Served)* (form POS-040(D)).

5. I served the documents on the **person or persons** below, as follows:

   a. Name of person served: Paul P. Cheng / Michael Y. Yadegaran / Narak Mirzaie

   b. ☒  *(Complete if service was by personal service, mail, overnight delivery, or messenger service.)*
   Business or residential address where person was served:
   LAW OFFICES OF PAUL P. CHENG - 790 E Colorado Blvd, Suite 260, Pasadena, CA 91101

   c. ☐  *(Complete if service was by fax.)*

   (1) Fax number where person was served:

   (2) Time of service:

   ☐  The names, addresses, and other applicable information about persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

6. The documents were served by the following means *(specify):*

   a. ☐  **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

---

POS-040 [Rev. January 1, 2016]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

Page 2 of 3


American LegalNet, Inc.
www.FormsWorkFlow.com

POS-040

| CASE NAME:<br>Jacobs v. Oldcastle, Inc., et al. | CASE NUMBER:<br>17CV316207 |
|---|---|

6. b. ☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 5 and *(specify one):*

   (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (2) ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state):* San Jose, CA

   c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 5. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

   d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 5 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

   e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 5. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 11/3/2017

Jennifer Ilas
_____
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

*(If item 6d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

**DECLARATION OF MESSENGER**

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 5. (1) For a party represented by an attorney, delivery was made (a) to the attorney personally; or (b) by leaving the documents at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office; or (c) if there was no person in the office with whom the notice or papers could be left, by leaving them in a conspicuous place in the office between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)



American LegalNet, Inc.<br>www.FormsWorkFlow.com